UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERALD LYMAN,

                Plaintiff,

     v.                                              Case # 18-CV-6925-FPG
                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## INTRODUCTION

Plaintiff Jerald Lyman brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of his application for Supplemental Security Income ("SSI").

Plaintiff protectively applied for SSI on January 14, 2015, alleging disability due to diabetes, sleep disorder/sleep apnea, and hypertension. Tr[1]. 163, 179. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 31-64. On October 3, 2017, the ALJ issued an unfavorable decision. Tr. 15-30. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. Tr. 1-5; ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 14. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

**LEGAL STANDARD**

I. **District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

**DISCUSSION**

I.    **The ALJ's Decision**

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his application date. Tr. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, sleep apnea, asthma, left shoulder impairment, chronic obstructive pulmonary disease ("COPD"), status-post drainage surgery secondary to mediastinal abscess, and sarcoidosis. Tr. 20. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform light work with additional restrictions. Tr. 20-24. At step four, the ALJ found that Plaintiff has no past relevant work, and at step five, the ALJ found that Plaintiff can adjust to other work that exists in significant numbers in the national economy. Tr. 24-25. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 25.

II.   **Analysis**

Plaintiff argues that the ALJ erred by rejecting the opinion of his treating physician, Sara Ahmed, M.D., without providing good reasons for doing so. The Court agrees.

   **A. The Treating Physician Rule**

The treating physician rule instructs the ALJ to give controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d

Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, the ALJ must consider the following factors in determining how much weight it should receive: "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. § 416.927(c)(1)-(6).

### B. Dr. Ahmed's Opinion

Dr. Ahmed treated Plaintiff from November 2015 to July 2017 for respiratory and pulmonary issues, including a cough, chest pain, sarcoidosis, and shortness of breath. Tr. 398-411, 428-37, 448-52. On July 11, 2016, Dr. Ahmed completed a physical assessment for determination of employability for the Monroe County Department of Human Services. Tr. 460. She opined that Plaintiff was unable to participate in activities except treatment or rehabilitation for three months due to generalized deconditioning following thoracic surgery and fatigue. Tr. 461. She opined that Plaintiff was "very limited" in his ability to walk, stand, sit, push, pull, bend, see, hear, speak, lift, and carry; yet she reported all "normal" findings upon physical examination of all body systems.

### C. Application

The ALJ gave Dr. Ahmed's opinion little weight but did not apply the *Burgess* factors. Tr. 24. The ALJ merely stated:

4

> I am cognizant of the treating relationship between the claimant and Dr. Ahmed; nonetheless, Dr. Ahmed's opinion is not consistent with her own physical evaluations, which indicate that the claimant had generally unremarkable physical evaluation [sic]. In addition, the opinion is inconsistent with other medical evidence, including imaging reports from 2015-2017, which show that the claimant's heart was normal and that he showed no more than mild respiratory defects.

Tr. 24. The Court agrees with Plaintiff that these were insufficient reasons for rejecting Dr. Ahmed's opinion.

First, while the ALJ may have reasonably found Dr. Ahmed's opinion to be inconsistent with her physical evaluation, "[w]here . . . an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician . . . for clarification of the reasoning of the opinion." *Corbeil v. Colvin*, No. 12-CV-0114(MAT), 2015 U.S. Dist. LEXIS 50310, at *18 (W.D.N.Y. Apr. 16, 2015) (quoting *Toribio v. Astrue,* No. 06-CV-6532 (NGG), 2009 U.S. Dist. LEXIS 66500, at *30 (E.D.N.Y. July 30, 2009)). Thus, the ALJ should have re-contacted Dr. Ahmed to seek clarification as to the reasoning of her opinion here.

Second, the ALJ impermissibly rejected Dr. Ahmed's opinion based on her own lay interpretation of the raw medical data—the imaging reports from 2015-2017. The ALJ interpreted them as showing generally normal findings, and therefore found Dr. Ahmed's restrictive opinion to be inconsistent with that data.

However, the ALJ's interpretation of the imaging reports as "normal" is dubious; they appear to show worse than normal findings. For example, despite the ALJ's observation that an examination in March 2015 revealed little evidence of wheezing, difficulty breathing, or shortness of breath, a CT scan from the same month showed hilar and mediastinal adenopathy and nodules suggesting sarcoidosis. Tr. 346-47. Similarly, despite the ALJ's comment that a February 2016

5

CT scan of Plaintiff's chest "revealed normal findings such as a regular heart size and a stable mediastinum thoracic aorta," Tr. 22, that same CT rescan also indicated enlarged lymph nodes, mediastinal adenopathy, and reticular nodular subpleural interstitial disease suggestive of sarcoidosis. Tr. 366. In May 2016, a CT scan revealed extensive mediastinitis and as a result, one of Plaintiff's physicians recommended surgical debridement. Tr. 353. Following surgery, a CT scan indicated reduced (but still existent) mediastinal abscesses with mild mass effect on the esophagus, pleural effusion, and stable mediastinal adenopathy. Tr. 355. It is not clear to the Court that this data equates to "normal" findings, and, in turn, it is not clear that the data is inconsistent with Dr. Ahmed's opinion.

"To be sure, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence." *Davis v. Comm'r of Soc. Sec.*, No. 5:16-CV-0657 (WBC), 2017 U.S. Dist. LEXIS 101625, at *18 (N.D.N.Y. June 30, 2017). But "the ALJ is not a medical doctor and as such cannot interpret raw medical data." *Id.* Accordingly, an ALJ's "own interpretation of raw medical data does not justify rejecting a treating physician's opinion." *Kruder v. Comm'r of Soc. Sec.*, No. 18-CV-1085-FPG, 2019 U.S. Dist. LEXIS 179217, at *5 (W.D.N.Y. Oct. 16, 2019); *see also Smith v. Comm'r of Soc. Sec.*, No. 15-CV-1473 (JCF), 2016 U.S. Dist. LEXIS 44887, at *35 (S.D.N.Y. Mar. 23, 2016) ("[B]ecause the CT scan report simply documents objective findings without interpreting their practical implications, the ALJ's conclusion rests improperly on his lay assessment of the medical evidence."); *Pitcher v. Astrue*, No. 06-CV-1395 (LEK), 2009 U.S. Dist. LEXIS 68946, at *39 (N.D.N.Y. Mar. 5, 2009) ("It is unclear how the ALJ interpreted the MRI findings to determine that they did not support [ the treating physician's medical source statement]. Thus, the Court

concludes that the ALJ substituted his own opinion in place of [the treating physician's] opinion."). "Accordingly, remand is required because the ALJ failed to provide the requisite good reasons for rejecting Dr. [Ahmed's] opinion." *Kruder*, 2019 U.S. Dist. LEXIS 179217, at *5.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 9, 2020
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court